NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0875n.06

No. 12-6467

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Oct 08, 2013

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JAMES H. LIMBRIGHT; HENRY J. LIMBRIGHT, | ) ) ) | |
| Plaintiffs-Appellees, | ) ) ) | |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| GEORGE HOFMEISTER; KAY RAMSEY HOFMEISTER; NELSON CLEMMENS, Trustee of the George S. Hofmeister Family Trust f/b/o Megan G. Hofmeister; Trustee of the George S. Hofmeister Family Trust f/b/o Scott R. Hofmeister; Trustee of the George S. Hofmeister Family Trust f/b/o Jamie S. Hofmeister; MEGAN G. HOFMEISTER; SCOTT R. HOFMEISTER; JAMIE S. HOFMEISTER; DOUGLAS Q. HOLMES, Trustee of the Megan G. Hofmeister Irrevocable Trust; Trustee of the Scott R. Hofmeister Irrevocable Trust; and Trustee of the Jamie S. Hofmeister Irrevocable Trust also known as John Doe, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants-Appellants, | ) | |

BEFORE: SUHRHEINRICH and GIBBONS; Circuit Judges[*].

SUHRHEINRICH, Circuit Judge. This appeal follows on the heels of an earlier one to this court, Case No. 12-5351, in what is now a decade-long dispute between James H. Limbright and

_____

[*]Judge Martin, the third judge on the original panel, retired on August 16, 2013, after the submission of this appeal. This decision is filed by a quorum of the panel pursuant to 28 U.S.C. 46(d).

Henry J. Limbright ("Plaintiffs") to collect monies indisputably owed to them by George and Kay Hofmeister (Defendants"), and their related entities, namely the Hofmeisters' children and the children's trusts ("Supplementary Defendants"). On February 13, 2013, in Case No. 5351, this court affirmed the district court's judgment in favor of Plaintiffs on their fraudulent transfer and alter ego claims, including the district court's finding that Plaintiffs were entitled to as yet unspecified attorneys fees.

During the pendency of that appeal, the district court entered an order on October 18, 2012, awarding Plaintiffs attorneys fees of $512,539.28, which included an across-the-board reduction of 10% of the requested fees, and $15,928.32 for nontaxable expenses. That resulted in entry of judgment in favor of Plaintiffs "and against all Defendants, with the exception of the Hofmeister Children, Scott R. Hofmeister, Jamie S. Hofmeister, and Megan Hofmeister personally. Nonetheless, the Florida Condo owned by the Children shall remain subject to the judgment," on October 18, 2012, in the amount of $528,9467.80.

Defendants appeal that decision, claiming that: (1) all fees incurred in the 2004 Michigan case should be barred; (2) vague entries should not be compensated; (3) Defendants should not have to pay for double and tripling billing, as well as conferences among attorneys and local counsel; (4) work on matters already performed and excessive billing should not be compensable; (5) Defendants should not be required to reimburse Plaintiffs' fees for an improper motion they filed and later withdrew; (6) Plaintiffs' excessive usage of block billing should be reduced; (7) work on improper matters should not be compensable; (8) Defendants should not bear the costs incurred for bringing new counsel up to speed; (9) fees for fees and costs should not be compensable; (10) Plaintiffs'

attorneys have not established that Plaintiffs have paid any fees or that they are responsible for the fees in the billing sheets.

Having reviewed the parties submissions, the record (in both appeals), the applicable law, and the district court's opinion, we conclude that the district court did not abuse its discretion in ordering fees in the amount of $512,539.28, plus expenses in the amount of $15,928.32. Accordingly, for the reasons stated in the district court's October 18, 2012 Opinion and Order, we **AFFIRM** the judgment of the district court.